# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOHN HAMATIE,**

              **Plaintiff,**

**-vs-**                                        **Case No. 6:06-cv-817-Orl-18KRS**

**LOUISVILLE LADDER, INC.,**
              **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following documents:

| | |
|---|---|
| **MOTION:** | **DEFENDANT, LOUISVILLE LADDER, INC.'S OBJECTION TO PLAINTIFF'S BILL OF COSTS (Doc. No. 85)** |
| **FILED:** | **November 16, 2007** |

**THEREON** it is **RECOMMENDED** that the objection be **DENIED** as moot because an amended bill of costs and objections to the amended bill of costs were subsequently filed.

| | |
|---|---|
| **MOTION:** | **DEFENDANT, LOUISVILLE LADDER, INC.'S OBJECTION TO PLAINTIFF'S AMENDED BILL OF COSTS (Doc. No. 89)** |
| **FILED:** | **November 21, 2007** |

**THEREON** it is **RECOMMENDED** that the objection be **GRANTED** in part and **DENIED** in part.

**I.    PROCEDURAL HISTORY**.

On November 7, 2007, a final judgment was entered for the Plaintiff, John Hamatie, against Louisville Ladder, Inc. ("Louisville") following a jury trial and verdict. Doc. No. 72, 73, 75, 76, 80. On November 14, 2007, Hamatie filed a proposed bill of costs seeking the recovery of $17,096.30 in costs. Doc. No. 82. The Clerk subsequently taxed those costs against Louisville on November 15, 2007. Doc. No. 83. Louisville objected to the costs on November 16, 2007. Doc. No. 85.

On November 20, 2007, Hamatie filed an amended proposed bill of costs in the amount of $17,096.30. Doc. No. 86. On November 21, 2007, the Clerk taxed those costs against Louisville. Doc. No. 88. Louisville again objected to some of Hamatie's claimed costs on November 21, 2007. Doc. No. 89. The objections have been referred to me for issuance of a report and recommendation.

**II.   APPLICABLE LAW**.

Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" The Supreme Court has held that 28 U.S.C. § 1920 "enumerates expenses that a federal court may tax as costs under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-42 (1987). A court cannot award costs other than those specifically authorized in § 1920, unless authorized by another applicable statute. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2001)(citing *Crawford*, 482 U.S. at 445). The Court can only award costs that are "adequately described and documented." *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1340 (M.D. Fla. 2002).

> The following are allowable as costs under § 1920:
>
> (1) Fees of the clerk and the marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for the use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under 28 U.S.C. § 1923; and
>
> (6) Compensation of court appointed experts, interpreters, and salaries, fees, expenses and costs of special interpretation services.

## III. ANALYSIS.

Louisville objects to certain of the items of costs taxed by the Clerk of Court. I will address the objections by category.

### A. Fees and Disbursement for Printing.

Hamatie seeks $890.88 for the cost of printing trial exhibits. *See* Doc. No. 86 at 3. While Hamatie seeks these costs as expenses of printing, they are more properly included in §1920(4) for exemplification and copies of papers. *See W&O, Inc.*, 213 F.3d at 622. Louisville objects that exhibit costs are not taxable pursuant to §1920(4).

In *W&O, Inc.*, the United States Court of Appeals for the Eleventh Circuit held that "exhibit costs are not taxable because there is no statutory authorization" for such taxation. *Id.* at 622-23. Therefore, the objection to taxation of $890.99 for printing trial exhibits should be **GRANTED**.

Hamatie also seeks $351.00 for copying x-ray films, reports, and CDs from Florida Hospital. Doc. 89 at 3. Louisville objects to these costs because Hamatie has not shown that the copies were necessarily used or intended to be used in the case.

Costs for copying medical records have been found to be a recoverable expense. *See, e.g., Wolff v. Jefferys,* No. 2:03-cv-289-FtM-33SPC, 2005 WL 5955723, at *6 (M.D. Fla. Sep. 19, 2005)(awarding medical record copying costs pursuant to § 1920(4)). Further, the statutory provision for "fees for exemplification and copies of papers" is broad enough to include duplication of x-rays in medical records. *See Bellino v. Mineta*, No. 04 C 7686, 2007 WL 2317202, at *3 (N.D. Ill. August 07, 2007); *Simmons v. O'Malley*, 235 F. Supp. 2d 442, 444 (D. Md. 2002). Given Hamatie's claims for personal injuries, it was reasonable and necessary for him to obtain his medical records, including copies of any radiographic films, for use in this case. Furthermore, Hamatie's exhibit list reflects that medical records from Florida Hospital South were admitted into evidence. Doc. No. 77. Therefore, I recommend that the Court **DENY** the objection to taxation of these costs.

B.   Fees for Exemplification.

Hamatie also sought $657.43 in costs under the separate category of "fees for exemplification and copies of papers necessarily obtained for use in the case." A review of the description of costs in this category reveals that these costs were incurred for enlargements of x-rays, photographs and a portion of the Court's jury instructions for use during trial. Doc. No. 86 at 3. Courts have found that enlargements of exhibits are not necessary (as opposed to convenient) and are, therefore, not taxable. *See, e.g., Ferguson v. Bombardier Servs. Corp.*, No. 8:03-cv-539-T-31DAB, 2007 WL 601921, at * 6 (M.D. Fla. Feb. 21, 2007); *Rau v. Apple-Rio Mgmt. Co.*, Civil Action No. 1:97-cv-2345-GGB, 2000

WL 35591645, at * 11 (N.D. Ga. March 29, 2000).  Therefore, I recommend that the Court **GRANT** the objection to taxation of these costs.

    C.    <u>Fees for Witnesses</u>.

In the category of fees for witnesses, Hamatie seeks to recover $10,155.15 in fees for trial testimony by video deposition of Emergent Orthopaedic & Reconstructive Surgery ($1,750.00), a phone conference and trial testimony of Steven Nguyen, M.D. ($250.00), and trial testimony of Kimley-Horn and Associates, Inc. ($8,155.15).

Fees for witnesses are limited to a $40.00 per diem fees and actual travel expenses.  *See* 28 U.S.C. § 1821(b), (c).  A subsistence allowance is also authorized for a witness when an overnight stay is required at the place of attendance too far removed from the witness's residence to prohibit return to the residence each evening.  28 U.S.C. § 1821(d).  These limitations apply to fact witnesses and expert witnesses.  *See Cronin v. Washington Nat'l Ins. Co.*, 980 F.2d 663, 672 (11th Cir. 1993).

The file contains excerpts of the deposition of Steve Vuong Nguyen, M.D., whose practice used the name Emergent Orthopaedic & Reconstructive Surgery.  Doc. No. 67-2.[1]  Hamatie listed Dr. Nguyen as a treating physician on his witness list.  Doc. No. 69 at 11.  Dr. Nguyen's videotaped deposition was taken for use at trial on October 24, 2007.  Doc. No. 67-2 at 1, 31.  Dr. Nguyen's deposition was played for the jury in Hamatie's case-in-chief.  Doc. No. 73.  Pursuant to § 1821, the per diem witness fee is payable to a witness whether he appears at trial or at a deposition. Accordingly, Hamatie is entitled to recover the $40.00 witness fee payable to Dr. Nguyen for his one-day attendance at the deposition that was introduced at trial.  *See Morrison v. Reichhold Chems., Inc.*,

---

[1] Counsel for Hamatie occasionally refers to Dr. Nguyen as Stan Nguyen.  *See* Doc. No. 68.

97 F.3d 460, 463 (11th Cir.1996). Under *Cronin*, Hamatie is not entitled to recover any additional fees Dr. Nguyen may have charged for his time. There are no records showing that Dr. Nguyen incurred compensable travel costs for attending the deposition or was entitled to a subsistence allowance.

Hamatie listed Donald Fournier of Kimley-Horn and Associates as his expert witness. Doc. No. 69 at 11. Fournier testified on one day of the trial. Doc. No. 73. Louisville does not contest that Fournier may have been present during other portions of the two-day trial. Accordingly, it agrees that Hamatie is entitled to a $80.00 witness fee for Fournier's attendance at both days of the trial. Doc. No. 89 at 4 n.1. Hamatie, therefore, should recover $80.00 for Fournier's attendance as a witness. Hamatie is not entitled to recover any additional fees Fournier may have charged for his expert services. There are no records showing that Fournier incurred compensable travel costs for attending the trial or was entitled to a subsistence allowance.

Therefore, I recommend that the Court **GRANT** the objection to taxation of witness fees other than $40.00 for Dr. Nguyen and $80.00 for Fournier.

D.   Other Costs.

Hamatie sought $478.75 in other costs, specifically $183.75 for the fee of the videographer on October 31, 2007 regarding the "Video Deposition of Dr. Steven Nguyen," and $295.00 for the fee of the videographer on November 5, 2007 for the "Video Deposition of Dr. Steven Nguyen." It appears that the first fee was for recording the deposition. There is no showing why a second fee was incurred when the videotaped deposition was played at trial on November 5, 2007. Louisville objects to taxation of these costs because there is no statutory basis providing for recovery of these costs.

Costs of videotaped depositions are recoverable pursuant to § 1920(2) "when a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic

means, and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c)." *Morrison,* 97 F.3d at 464-65.

The record reflects that Louisville agreed to permit Hamatie to take Dr. Nguyen's deposition on October 24, 2007, for purposes of trial presentation. Doc. No. 67 at 1. Louisville does not contend that it raised an objection to recording the deposition on videotape. It is not clear, however, that the cost of the videographer's services on October 24, 2007, the day of the deposition, is not already included in the fee of First Choice Reporting Services for Dr. Nguyen's deposition ($360.47) including within the "Fees of the Court Reporter" category. Accordingly, I recommend that the Court **GRANT** the objection to the fees of the videographer listed as other costs.

IV. **RECOMMENDATION**.

For the foregoing reasons, I recommend that the Court **VACATE** the Clerk's prior taxation of costs, doc. nos. 83, 88, and that the Court award Hamatie $5,034.09 in taxable costs.[2]

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 19, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

---

[2] The taxable costs are computed as follows: total costs sought ($17,096.30), minus fees for disbursement and printing of trial exhibits ($890.88), minus expert fees ($10,155.15), minus fees for exemplification ($657.43), minus other costs ($478.75), plus statutory witness attendance fees ($120.00).

Copies furnished to:
Presiding District Judge
Counsel of Record
Courtroom Deputy